# NEW YORK SUPERIOR COURT.

## John P. Gould agt. John T. Moore.

### *Supplementary proceedings.*

Where an execution has been issued upon a judgment recovered in the superior court of the city of New York, to the sheriff of the county where the judgment debtor resides at the time of the issuing of the execution (other than New York county), and after its return unsatisfied such judgment debtor removes his residence to the city of New York, it is not necessary to issue a second execution to the sheriff of New York county, in order to obtain from a justice of the superior court an order for the examination of the judgment debtor.

*At Chambers, April, 1876.*

THIS was a motion to dismiss an order granted by a justice of this court, requiring the defendant to appear before him, at the chambers, &c., in the city of New York, and be examined concerning his property.

The affidavit upon which the same was granted showed the recovery of the judgment, its docketing in Suffolk county, where the judgment debtor then resided, the issuing to the sheriff of that county an execution, its return unsatisfied, and that the judgment debtor was at the time of the affidavit a resident of the city and county of New York.

Upon the return day of the order, the defendant appeared and moved to dismiss the proceeding on the ground that it did not appear that an execution had been issued to the sheriff of the city and county of New York, and that the execution to Suffolk county was not sufficient to have the order by a justice of the court returnable before him.

*Miller, Peet & Opdyke,* for defendant and motion.

The examination in supplemental proceedings can only be had " within the county to which the execution was issued" (*Code, sec.* 292; *Bingham* v. *Disbrow,* 37 *Barb.,* 24).

*John Brooks Leavitt,* for plaintiff, *contra.*

The Code, section 292, does not provide for the case where, after an execution has been duly issued to the sheriff of the county where the judgment debtor then resides, he removes to another county. Such section should not be construed so as to require a new execution to be issued to any county that the debtor might remove to, for the result of that construction would be that a judgment debtor, by removing to a new county every two months, could evade the examination, and his creditor would, while pursuing his legal right to an examination, be just sixty days behind, and if the debtor did so remove, say to each of the sixty counties of the state, the creditor would be just ten years in obtaining his rights, a conclusion repugnant to common sense and to the theory of the section. Where the judgment is a supreme court judgment, it has been expressly held, in the court of appeals, that an execution to the county where the judgment debtor then resides is sufficient to grant jurisdiction to a superior court justice to grant the order returnable in any county to which the judgment debtor may have afterward removed. And we submit the same reasoning applies to this court upon the circumstances of this case (*Bingham* v. *Disbrow,* 5 *Trans. App.,* 198).

MONELL, *Ch. J.* — When the judgment in this action was recovered, the defendant resided in Suffolk county, in this state. A transcript of the judgment was filed in, and an execution was issued to the sheriff of that county, which was returned unsatisfied. No other execution has been issued

upon the judgment. Upon an affidavit of these facts, and also that the defendant now resides in this city, a supplemental order for the examination of the judgment debtor was granted by a judge of this court, returnable before himself at the court-house in this city.

A motion is now made to vacate the order, on the ground that it should have required the judgment debtor to appear " within the county to which the execution was issued" (*Code, sec.* 292), and, as it is claimed, such examination cannot be had before a judge of this court out of this city; that the order is void.

·There is no provision in the Code for a subsequent change of residence of the judgment debtor. The execution must issue to the county where the debtor resides, and it is claimed that he can be required to appear and be examined in supplemental proceedings in no other county; and so it is contended, that notwithstanding he may, when the supplemental order is granted, be residing in a county other than the one to which the execution was issued, and even remote from it, nevertheless, he can only be required to appear and be examined in the latter county.

There is a manifest defect in the law in not providing, in terms, for a change of residence, and authorizing the debtor to be summoned for examination in the county where he resides *when the order is granted.* That, however, is a matter for the legislature.

The execution in this case was issued to the proper county, and its return unsatisfied entitles the judgment creditor to a supplemental order for the debtor's examination. And the question is, whether a judge of this court can grant the order.

If the debtor had continued to be and was a resident of Suffolk county at the time of granting the order, I think it is quite clear that a judge of this court could not have made the order.

It has never been claimed for this court, that its judges could perform any official act out of the city of New York.

Gould agt. Moore.

It is, at least, so far local, that the functions of the court, and of its judges, are confined to the local territory. This was expressly declared in the act of 1873 (*chap.* 239).

As the law now stands, the order must require the examination to be within the county to which the execution was issued, and as our judges could not go to Suffolk county to take the examination, they could not make the order.

But the Code provides for that case. A judgment of this court can be docketed in any county, and an execution may be issued thereupon to the sheriff of such county. The Code then provides that, upon the return unsatisfied of such execution, the creditor is entitled to an order " from a *judge of the court or a county judge.*"

No doubt, if our judges can require the examination to be had in this city, then we can grant the order. But if the examination must be within the county to which the execution was issued, we cannot go out of the city to take it, and hence the "judge of the court," as used in the Code, must mean a judge of a court whose jurisdiction and powers can be exercised in any part of the state, or who otherwise has acquired jurisdiction. For judges of courts of limited jurisdiction and powers, the county judge is named as the officer clothed with the requisite authority to grant the order, where the examination must be had in a county beyond the jurisdiction of the court where the judgment was recovered. Nor is the power supplemented by the authority to refer. For the judges of this court cannot accomplish by indirection what they cannot do directly.

In this case, however, it appears that the judgment debtor now resides in this city, and the order has been served upon him, and he is required to appear and be examined in this city. I can see no reason why, under these circumstances, we cannot require the debtor to attend.

The issuing of the execution and its return gave jurisdiction to grant the order, and as the debtor is now within the

Gould agt. Moore.

local or territorial jurisdiction of this court and of its judges, there does not appear any reason for turning the parties over to the county judge of Suffolk county, and requiring them to go there to take the debtor's examination.

This view is, I think, fully sustained by *Brigham* agt. *Disbrow* (37 *Barb.*, 24), where, after the issuing of an execution to the sheriff of Tompkins county, where the debtor then resided, he removed to Cayuga county; without a new execution, a judge of the supreme court made the order returnable in Cayuga county. It was held to be valid. Such judges, the court say, have jurisdiction over the state. That was affirmed in the court of appeals (5 *Trans. App.*, 198); and the objection to the return of the order was expressly overruled, the court saying that the affidavit stated all that was necessary to show jurisdiction, " where the order was granted requiring the defendant to appear before a judge in Cayuga county, being the county in which he resided *at that time.*"

We, having jurisdiction by the return of a properly issued execution, do not violate any provision of law in requiring the examination to be had in a place within our jurisdiction — that also being the defendant's present residence.

Motion to vacate order denied.